881 F.2d 1076
 132 L.R.R.M. (BNA) 2800
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
J.F. MORRIS COMPANY AND FRANCIS W. SCHANTZ, Respondent.
 No. 89-5793.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1989.
 
 Before: NELSON and BOGGS, Circuit Judges; and WILHOIT, District Judge*
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, J.F. Morris Company and Francis W. Schantz, Melvindale, Michigan, its officers, agents, successors, and assigns, enforcing its order dated February 8, 1989, in Case No. 7-CA-27865, and the Court having considered the same, it is hereby
 ORDERED AND ADJUDGED by the Court that the Respondent, J.F. Morris Company and Francis W. Schantz, Melvindale, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 1
 (a) Failing to bargain with the Union by failing to make required contributions on behalf of its unit employees to union fringe benefit funds; by retaining deductions from employees' paychecks intended as contributions to the union fringe benefit funds; and by failing to pay unit employees the contractually required wage rates.
 
 
 2
 (b) Failing and refusing to bargain with the Union by engaging another company as the payroll agent of its unit employees and by selling its operating license to another company and transferring its unit employees to that company, without giving the Union prior notice and an opportunity to bargain over the effects of terminating its operations.
 
 
 3
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 4
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 5
 (a) Pay into the funds, on behalf of its unit employees, those contributions it failed to make as a result of its unlawful discontinuance of fund payments, in the manner set forth in the remedy section of the Board's Decision and Order.
 
 
 6
 (b) Make whole unit employees for any losses in wages and expenses they may have suffered as a result of the failure to adhere to the collective-bargaining agreement, in the manner set forth in the remedy section of the Board's Decision and Order.
 
 
 7
 (c) On request, bargain collectively with the Union with respect to the effects on its unit employees of its decision to terminate its operations, and reduce to writing any agreement reached as a result of such bargaining. The appropriate unit is:
 
 
 8
 All full-time and regular part-time truck drivers and employee owner-operators employed by Respondents at Respondent-Morris' Ecorse, Michigan, place of business; but excluding all guards and supervisors as defined in the Act.
 
 
 9
 (d) Make whole its unit employees by paying those employees employed when the Respondent terminated its operations normal wages plus interest and in the manner set forth in the remedy section of the Board's Decision and Order.
 
 
 10
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay and other money due under the terms of this Judgment.
 
 
 11
 (f) Mail signed and dated copies of the attached notice marked "Appendix" to the last known addresses of all unit employees as of the sale of the Respondent's business. Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be mailed by the Respondent immediately upon receipt.
 
 
 12
 (g) Notify the Regional Director, in writing, within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 14
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 WE WILL NOT fail to make required contributions on behalf of our unit employees to the union fringe benefit funds.
 
 
 17
 WE WILL NOT retain deductions from employee paychecks, which were intended as contributions to the union fringe benefit funds.
 
 
 18
 WE WILL NOT fail to pay unit employees the contractually required wages rates.
 
 
 19
 WE WILL NOT engage another company as the payroll agent of our employees or sell our operating license to another company without giving the Union prior notice and an opportunity to bargain in good faith over the effect on our employees of our decision to close our operations.
 
 
 20
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 21
 WE WILL pay into the union fringe benefit funds those contributions we failed to make as a result of our unlawful discontinuance of fund payments.
 
 
 22
 WE WILL make unit employees whole for any losses or expenses they may have suffered as a result of our unilateral discontinuance of fund contributions and our failure to pay contractually required wage rates, with interest.
 
 
 23
 WE WILL make unit employees whole by paying those terminated when we closed our operations normal wages for the period specified by the National Labor Relations Board, with interest.
 
 
 24
 WE WILL, on request, bargain collectively with the Union with respect to the effects on our unit employees of our decision to close our operations, and reduce to writing any agreement reached as a result of such bargaining.
 
 
 25
 All full-time and regular part-time truck drivers and employee owner-operators employed by Respondents at Respondent-Morris' Ecorse, Michigan, place of business; but excluding all guards and supervisors as defined in the Act.
 
 
 26
 J.F. MORRIS COMPANY AND FRANCIS W. SCHANTZ, A SINGLE EMPLOYER
 
 
 27
 (Employer)
 
 
 28
 Dated -------- By --------------------
 
 
 29
 (Representative) (Title)
 
 
 30
 This is an official notice and must not be defaced by anyone.
 
 
 31
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation